UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BLANCA CENTENO,                                :
                                               :
                       Plaintiff,              :        **MEMORANDUM & ORDER**
                                               :        **ADOPTING REPORT &**
                                               :        **RECOMMENDATION**
75 LENOX REALTY LLC/                           :        14-cv-1916 (DLI)(LB)
J.K. MANAGEMENT CORP.,                         :
                                               :
                       Defendants.             :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

Before the Court are 75 Lenox Realty LLC's ("75 Lenox") and J.K. Management Corporation's ("J.K. Management," and together with 75 Lenox, "Defendants") Objections to the Report and Recommendation issued by United States Magistrate Judge Lois Bloom on February 1, 2017 (the "Objections" to the "R&R"), recommending that (i) Defendants' motion for summary judgment ("Defendants' Motion" or "Def. Mot.") be granted, in part, and denied, in part; and (ii) Blanca Centeno's ("Plaintiff") motion for summary judgment ("Plaintiff's Cross-Motion" or "Pl. Cross-Mot.") be granted, in part, and denied, in part. For the reasons set forth below, the R&R is adopted in its entirety.

**BACKGROUND[1]**

On March 25, 2014, Plaintiff initiated this action though which she alleges that Defendants discriminated against her based on her age and gender, denied her certain rights under federal law, and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601,

---

[1]     The Court assumes familiarity with the facts of this case, which are set forth in greater detail in the R&R. (R&R at 1-9.)

*et seq.*, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exex. L. § 290, *et seq.*  (Am. Compl., Dkt. Entry No. 45.)  Plaintiff also alleges Defendants breached an oral contract by failing to compensate her for back vacation pay.  (*Id.* at 9-10.)

On February 15, 2016, Defendants served their motion for summary judgment, arguing that:  (i) J.K. Management is not a proper party; (ii) Plaintiff's claims are precluded by an order of the New York State Division of Human Rights (the "NYSDHR" and the "NYSDHR Order"); (iii) Plaintiff was not discriminated against and her employment was terminated for good cause; (iv) Plaintiff cannot establish a claim for retaliation; (v) Plaintiff fails to meet the requirements for a claim under FMLA; and (vi) Plaintiff's breach of contract claim is meritless.  (Def. Mot., Dkt. Entry Nos. 56-58; *see* Reply in Further Support of Def. Mot., Dkt Entry Nos. 71-72.)  On March 28, 2016, Plaintiff served her opposition to Defendant's Motion and her cross-motion for summary judgment, arguing in the cross-motion, that:  (i) J.K. Management is a proper party, and (ii) Defendants are employers covered by the federal and state employment laws at issue in this action.  (Pl. Cross-Mot., Dkt. Entry Nos. 59-70.)

After this Court referred the Defendant's Motion and Plaintiff's Cross-Motion to Magistrate Judge Bloom for the preparation of the R&R, on February 1, 2017, the magistrate judge issued the R&R, recommending that Defendants' Motion be granted as to Plaintiff's claims "for FMLA retaliation, breach of contract, and claims arising under the NYSHRL."  (R&R at 39.)  The magistrate judge further recommended that Defendant's Motion be denied and Plaintiff's Cross-Motion be granted "on the grounds that J.K. Management is a proper party, J.K. Management and 75 Lenox are a single-employer, and that defendants qualify as an 'employer' under Title VII and the ADEA."  (*Id.*)  The magistrate judge found disputed issues of material of fact existed as to

"plaintiff's discrimination claims under Title VII and the ADEA as well as plaintiff's retaliation claims under Title VII, the ADEA, and the FLSA." (*Id.*)

With respect to the propriety of J.K. Management's presence in this case and whether Defendants, together, qualify as an "employer" under the applicable laws, the magistrate judge's findings of fact and conclusions of law consisted of the following:  (i) neither Plaintiff's failure to name J.K. Management in her NYSDHR complaint, nor the manner in which Defendants were named in the Amended Complaint allow J.K. Management to escape this action (R&R at 10-14); (ii) NYSDHR Order does not preclude Plaintiff's claims because, among other reasons, Plaintiff appeared *pro se* during the NYSDHR proceedings (*Id.* at 14-17); (iii) J.K. Management and 75 Lenox should be considered a "single employer" pursuant to *Murray v. Miner*, 74, F.3d 402 (2d Cir. 1996), and, therefore, their employee numbers can be aggregated to reach the minimum thresholds required under the relevant laws (*Id.* at 17-21); (iv) based on the aggregated employee numbers, Plaintiff meets the statutory minimum thresholds under Title VII, ADEA and NYSHRL (*Id.* at 21-23).

As to Plaintiff's allegations of discrimination under Title VII and ADEA, the magistrate judge found that:  (i) Plaintiff was a "qualified employee;" (ii) Plaintiff established a *prima facie* case of discrimination; and (iii) while Defendants offer a legitimate, nondiscriminatory reason for Plaintiff's dismissal, factual disputes exist as to whether those reasons were pretextual.  (R&R at 23-30.)  Similarly, the magistrate judge found, with respect to Plaintiff's retaliation claims under Title VII, ADEA, and FLSA, that material issues of fact existed as to pretext.  (*Id.* at 30-34.)  However, the magistrate judge recommended granting Defendant's Motion with respect to Plaintiff's retaliation claim under the FMLA because Plaintiff has not shown she was eligible for leave under the FMLA.  (*Id.* at 34-36.)

Finally, the magistrate judge concluded that: (i) Plaintiff's breach of contract claim should be dismissed because she had not submitted evidence to show she was entitled to the two weeks of annual vacation that she alleges she was never paid (*Id.* at 37); and (ii) Plaintiff's NYSHRL claims are barred by the election of remedies doctrine (*Id.* at 37-39).

On February 14, 2017, Defendants timely filed the Objections, which, collectively, object to all aspects of the R&R that recommend denying portions of Defendants' Motion. (Objections, Dkt. Entry No. 74.) Specifically, the Objections challenge the following findings:

1.  certain factual findings and/or omissions;

2.  that J.K. Management is a proper party;

3.  that JK Management and 75 Lenox are a single-employer;

4.  that aggregation under the single employer doctrine is permitted in the Second Circuit, and in this particular case;

5.  that Defendants qualify as an "employer" under Title VII and the ADEA;

6.  not considering altogether whether Defendants' workers qualify as "employees" under Title VII and the ADEA, before granting summary judgment to Plaintiff on the issue of statutory coverage;

7.  although acknowledging that Plaintiff's discrimination claim under the FMLA should be dismissed in the body of the R&R, by not explicitly or clearly stating same in the Order or Conclusion of the R&R;

8.  that Plaintiff sufficiently established her *prima facie* case with respect to her discrimination claims under Title VII and the ADEA, to withstand summary judgment;

9.  that Plaintiff sufficiently established her *prima facie* case with respect to her retaliation claims under Title VII, the ADEA, and the FLSA, to withstand summary judgment.

(Objections at 2.)

On February 28, 2017, Plaintiff timely opposed Defendants' objections. (Opp. to the Objections at 1, Dkt. Entry No. 76.)

4

**DISCUSSION**

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R *de novo* with respect to eight of Defendant's objections (Objection Nos. 1-6 and 8-9), and has reviewed the remainder of the R&R for clear error.[2]  For the reasons set forth below, the Court adopts the detailed, thorough and very well reasoned R&R in its entirety.

### I.    Defendants Qualify as an Employer Under Title VII and the ADEA.

Defendants' Objections Nos. 2 through 6 all challenge the magistrate judge's findings concerning her ultimate recommendation that Defendants, together, qualify as an "employer" under Title VII and the ADEA.  Having reviewed these findings in detail, the Court has concluded that Objections to these portions of the R&R are meritless, and it adopts the reasoning of the magistrate judge in full.  Although some of Defendants' many specific objections do not warrant this Court's attention as they present the same arguments that were soundly rejected by the magistrate judge, the Court addresses below the legal challenges raised in the Objections, as well as the Defendant's disagreement with certain factual findings.

### A.  The Magistrate Judge Correctly Applied the "Identity of Interest" Exception.

Defendant's first principal contention[3] is that the magistrate judge erred in her application of the "identity of interest" exception factors as set forth *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241-42 (2d Cir. 1995).  In *Cook*, the Second Circuit explained that a party's omission from an EEOC complaint does not warrant its dismissal if the unnamed parties have an identity of

---

[2]    Objection No. 7, regarding the purported lack of clarity of the R&R's recommendation as to Plaintiff's FMLA claim, is rendered moot by Plaintiff's acknowledgement that the claim is dismissed.  (Opp. to Objections at 12.) Objection No. 1, which states "certain factual findings and/or omissions," is considered herein as to the factual underpinnings of each of the R&R's conclusions.

[3]    Although Defendants first takes issue with the magistrate judge's analysis concerning the purportedly deficient caption to the Amended Complaint, the Court need not address Defendants' repeated arguments.  The Court adopts the magistrate judge's reasoning on this point in full.  (*See* R&R at 10-12.)

interest with the named parties.  *Id.* at 1241.  In making this determination, a court is to consider

four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the
> complainant be ascertained at the time of the filing of the EEOC complaint;
> 2) whether, under the circumstances, the interests of a named [party] are so similar
> as the unnamed party's that for the purpose of obtaining voluntary conciliation and
> compliance it would be unnecessary to include the unnamed party in the EEOC
> proceedings; 3) whether its absence in the EEOC proceedings resulted in actual
> prejudice to the interests of the unnamed party; and 4) whether the unnamed party
> has in some way represented to the complainant that its relationship with the
> complainant is to be through the named party.

*Id.* at 1241-42 (quoting *Johnson v. Palma*, 931 F.2d 203, 209-10 (2d Cir.1991)).

Defendants assert it is problematic that "[t]he R&R only contends that Plaintiff meets

[factors 2-4]," arguing that a trial was needed to determine whether the first factor was satisfied.

(Objections at 6-7.)  The Court disagrees, as it is clear that a plaintiff need not satisfy each of the

factors to be eligible for the exception.  Indeed, Defendants' argument is refuted most clearly by

the court's conclusion in *Cook* that "[a]lthough the first factor of the *Johnson* test weights against

[plaintiff]—it is arguable that she could easily have included [the party omitted from the

complaint] in the EEOC charge—factors two and three strongly favor allowing her to name [the

party] as a defendant in the instant suit."  *Cook*, 69 F.3d at 1242.  Moreover, although Defendants

also take issue with the R&R's findings as to the remaining three factors, their arguments fall flat

as they fail to refute any of the evidence cited by the magistrate judge to support her conclusions

that:  (i) J.K. Management and 75 Lenox are identical; (ii) J.K. Management has not suffered any

prejudice; and (iii) "J.K. Management had represented to plaintiff that its relationship to plaintiff

was through 75 Lenox and not J.K. Management."  (*Compare* R&R at 13-14 *with* Objections at 6-

7.)  Finally, Defendants' argument that the magistrate judge was required to assess whether an

agency-principal relationship existed between the two companies for jurisdictional purposes is a

red herring.  Indeed, Defendants have cited to no precedent that mandates such a requirement in this context.  (Objections at 5-7; *see* Opp. to Objections at 6.)

**B.  The Magistrate Judge Did Not Err in Finding J.K. Management and 75 Lenox are a Single Employer for Purposes of Aggregating Employees Under Title VII and the ADEA.**

Defendants next take issue with the magistrate judge's finding that J.K. Management and 75 Lenox may be considered a single employer for purposes of aggregating the number of employees to meet the requirements of Title VII and the ADEA.  (Objections at 7-12.)  As an initial matter, Defendants renew the argument made in their motion for summary judgment that the single employer doctrine does not apply outside of a parent-subsidiary relationship, and, therefore cannot apply to Defendants.  (Objections at 8-9.)  For the reasons set forth in the R&R, including the magistrate judge's analysis of *Papa v. Katy Industries, Inc.*, 166 F.3d 937 (7th Cir. 1999), upon which Defendants relied to support this argument in their motion (but not in their Objections), the Court concurs with the magistrate judge.  (*See* R&R at 19-20.)  Indeed, Defendants have neither cited any authority that imposes such a restriction, nor presented a compelling argument why one should be imposed.  (Objections at 8.)[4]

Defendants also contend that, because Second Circuit never has explicitly approved of aggregation under the single employer doctrine, it should not be permitted by this Court.  The parties and the magistrate judge all agree that this an issue not yet resolved by the Circuit Court.  (R&R at 20; Objections at 9; Opp. to Objections at 9; *see Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 199 (2d Cir. 2005) ("[O]ur Circuit as yet taken no position on whether aggregation

---

[4]     The Court also is not swayed by Defendants' contention that the R&R is inconsistent in finding that J.K. Management and 75 Lenox can be considered a single employer whereas J.K. Management and *all* of the 16 buildings it controls is not.  (*Id.*)  As explained in the R&R, the record was not developed sufficiently as to the relationship between J.K. Management and the buildings, which is why the magistrate judge ultimately concluded Plaintiff could not meet the statutory requirement under the FMLA.  (R&R at 22.)

is appropriate in either the single employer or the joint employer context for purposes of determining whether the Title VII threshold is met.").) Nevertheless, in *Arculeo*, the Court noted that several "[d]istrict court opinions in this Circuit *have* allowed aggregation of all employees of multiple entities under the single employer doctrine, based upon a finding that those nominally distinct entities should be deemed a single integrated employer for purposes of Title VII." *Id.* at 198 (emphasis in original); *see* R&R at 20-21 (quoting *Ayala v. Metro One Sec. Systems, Inc.*, 2011 WL 1486559, at *8 (E.D.N.Y. Apr. 19, 2011)). Moreover, as Plaintiff points out, at least three circuit courts of appeals have held the same with respect to single employers or joint employers. (Opp. to Objections at 9-10 (citing *Anderson v. Pacific Maritime Ass'n*, 336 F. 3d 924, 929 (9th Cir. 2003); *Sanford v Main St. Baptist Church Manor, Inc.*, 449 Fed. Appx. 488, 491 (6th Cir. 2011); *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360-61 (11th Cir. 1994)).) This Court joins those district and circuit courts that have found aggregation of employees of "single employers" is appropriate for purposes of determining whether thresholds are met under the relevant statutes.

Finally, the Court notes that it finds no merit in Defendants' final two arguments that: (i) the magistrate judge failed to assess "[w]hether Defendants' [w]orkers [c]onstitute '[e]mployees,'" under the relevant statutes, and to count accurately Defendants' employees; or (ii) Defendants are not engaged in an "industry affecting commerce." (Objections at 9-12.) With respect to the first argument, the magistrate judge plainly and correctly addressed both the number of Defendants' employees and their designation as employees. (R&R at 21-22, n.18, n.19.) In any event, Plaintiff correctly points out that Defendants have cited no authority that contradicts the magistrate judge's findings. (Opp. to Objections at 10-11.) Similarly, Defendants cite nothing to support the untenable claim that they are not in an "industry affecting commerce." (Objections

9

at 11-12.)  The magistrate judge correctly observed that the United States Supreme Court squarely

has decided otherwise.  (R&R at 21 n.17 (citing *Russell v. U.S.*, 471 U.S. 868, 862 (1985)).)[5]

**II.      Plaintiff Has Made a *Prima Facie* Case for Discrimination Under Title VII and the ADEA, and Retaliation Under Title VII, the ADEA, and the FLSA.**

Defendants' discussion of Objections Nos. 8 and 9, which spans the majority of the

memorandum of law supporting their Objections, consists of a haphazard attack on the factual

findings supporting the magistrate judge's conclusion that Plaintiff has satisfied her burden of

establishing a *prima facie* case for discrimination and retaliation.  Having reviewed carefully these

portions of the R&R, and Defendant's Objections thereto, the Court adopts the reasoning of the

magistrate judge in full.

**A.  Title VII and ADEA Discrimination**

To establish a *prima facie* case of discrimination under Title VII or the ADEA, a plaintiff

must establish that:  "(i) the plaintiff was a member of the protected class; (ii) plaintiff was

qualified for the job; (iii) plaintiff suffered an adverse employment action; and (iv) the adverse

employment action occurred under circumstances giving rise to an inference of discrimination."

(R&R at 24 (citing *Terry v. Ashcroft*, 336 F.3d 128, 137-38).)  Defendants agree this is the correct

standard, but assert that Plaintiff has not presented evidence sufficient to establish the second or

fourth criteria.  (Objections at 13.)  The Court disagrees.

First, as the magistrate judge recognized in the R&R, "Defendants' allegation that plaintiff

lacked the qualifications for a job she held for over 20 years is belied by the record."  (R&R at 25.)

The magistrate judge further explained why no specific licenses were necessary under the law to

---

[5]      Defendants call *Russell* a "'non-binding' *Seventh* Circuit case" (Objections at 11 (emphasis in original)), which clearly is false, *Russell*, 471 U.S. at 862 (affirming a Seventh Circuit decision and holding that, because defendant "was renting his apartment building to tenants at the time he attempted to destroy it by fire[,] [t]he property was therefore being used in an activity affecting commerce within the meaning of [18 U.S.C.] § 844(i)").

be considered a qualified employee.  (R&R at 25-26 (citing *Owens v. N.Y. City Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991).)   Moreover, Defendants' attempt to attack Plaintiff's job performance (Objections at 14-15) does little to undermine the countervailing evidence cited by the magistrate judge that "the building was kept in good condition until 2012."  (R&R at 26).

Second, given that a plaintiff's burden to demonstrate an inference of discrimination is *de minimis*, *Zimmerman v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001), the Court agrees with the magistrate judge that the evidence presented—in the form of Defendants' office manager's statement that the demands of the job make it difficult "[f]or a woman to do"—is sufficient to meet that element.  (R&R at 27 (citing Deposition of Ludmila Esther Jenkelowitz ("Jenkelowitz Dep."), Declaration of Rebekah Diller ("Diller Decl.") Ex. B at 60, Dkt. Entry No. 61).)  Indeed, Defendants cite no comparable case law in support of their assertion that Plaintiff's evidence is not sufficient to meet the *de minimis* burden.  (Objections at 16-17.)   Moreover, although not explicitly stated in this portion of the R&R, the Court agrees with Plaintiff that the building manager's alleged statements regarding Plaintiff's age (*see* R&R at 6 (quoting Deposition of Blanca Centeno, Diller Decl. Ex. E at 41)), combined with the fact that Plaintiff was replaced by a younger employee (Jenkelowitz Dep. at 53 (indicating Plaintiff had been replaced by a man in his "upper 40s")), is a sufficient evidence to establish an inference of discrimination based on the Plaintiff's age and gender.  (*See generally* Opp. to Objections at 16.)[6]

---

[6]   Defendants also argue here that the NYSDHR Order had found "that Plaintiff's *age* and gender *were constant* throughout her 20 years of employment with Defendant."  (Objections at 17 (emphasis added).)  Of course, this assertion makes no sense, and it was not the conclusion of the NYSDHR Order.  The Order, instead, made the point that, in the year Plaintiff did not receive a Christmas bonus, she was relatively the same age from the year(s) immediately prior, when she did receive one.  (Declaration of Leon I. Behar Ex. D at 4, Dkt. Entry No. 58.)  In any event, the argument has no merit as Plaintiff does not tie her denial of a Christmas bonus directly to her age discrimination allegations, but rather alleges that the bonus denial and subsequent firing were in retaliation of her FLSA complaint and settlement.  (R&R at 32.)

11

Finally, based on the conflicting evidence presented concerning whether Defendants had a legitimate nondiscriminatory reason to terminate Plaintiff's employment, the Court agrees with the magistrate judge that a disputed issue of material fact exists on this point.  (R&R at 27-30.)[7]

## B.  Title VII, ADEA and FLSA Retaliation

"To establish a prima facie case of retaliation [under Title VII, the ADEA or the FLSA], a plaintiff must show that (1) she participated in a protected activity known to the defendant; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action."  (R&R at 30 (citing *Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008); *Kessler v. Westchester Cnty. Dep't Social Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006)); *see* Objections at 22.)  The Court agrees with the magistrate judge that the Plaintiff's oral complaints to the office manager suffice as protected activities for purposes of her Title VII and ADEA claims, and her filing of an FLSA complaint (and subsequent settlement) suffice as protected activities under the FLSA.  (R&R at 31-34.)  Defendants raise no persuasive arguments on this point.  (*See* Objections at 23-24.)

Defendants also rehash the arguments from their motion concerning the "General Release" Plaintiff executed with Defendants to settle her original FLSA complaint.  (Objections at 24-25.)  As the magistrate judge observed, the retaliation alleged by Plaintiff here occurred *after* the execution of the General Release.  (R&R at 33-34.)  As a result, it does not bar Plaintiff's claims here.  (*See* R&R at 34 ("Construing it otherwise would risk conferring an indefinite prospective

---

[7]     Defendants' argument that the magistrate judge failed to consider the NYSDHR Order (Objections at 18-20) is also without merit.  To the contrary, the R&R included an extensive discussion concerning the effect of the order, concluding that it did not bar Plaintiff's claims because they were not actually litigated.  (R&R at 14-17.)  Defendants do not support their assertion that the conclusions of the NYSDHR are to be afforded any deference in this action.

immunity on the releasee[.]") (quoting *Info. Superhighway, Inc. v. Talk Am., Inc.*, 274 F. Supp. 2d 466, 471 (S.D.N.Y. 2003)).)

## CONCLUSION

Upon due consideration and review, the objections are overruled, and the magistrate judge's detailed, thorough and very well reasoned R&R is adopted in its entirety. Accordingly, it is hereby ORDERED that: (i) Defendant's Motion is granted to the extent that Plaintiff's claims for breach of contract and for claims arising under the FMLA and NYSHRL are dismissed, and (ii) Plaintiff's Cross-Motion is granted to the extent that J.K. Management is deemed a proper party to this action, J.K. Management and 75 Lenox are a single employer, and Defendants qualify as an "employer" under Title VII and ADEA. Pursuant to Federal Rule of Civil Procedure 60(a), the Clerk of the Court respectfully is directed to correct the docket sheet to reflect J.K. Management as a party in this action. J.K. Management shall file its answer to the Amended Complaint within 14 days of entry of this Memorandum & Order.

The parties are ordered to contact U.S. Magistrate Judge Lois Bloom's chambers within twenty-one (21) days of the date of this Memorandum & Order to schedule a settlement conference. If settlement discussions are unsuccessful, within thirty (30) days of the final settlement conference, the parties shall submit for the district judge's approval their Joint Pretrial Order.

SO ORDERED.

Dated:  Brooklyn, New York
        March 31, 2017

                                                    _____
                                                            /s/
                                                    DORA L. IRIZARRY
                                                    Chief Judge

13